**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
Tracy T. Scanlan (SBN 253930)
Frank J. Zeccola (SBN 308875)
505 14th Street, Ninth Floor
Oakland, CA 94612
Tel:    (415) 580-2574
Fax:    (415) 735-3454
Email: silg@ilglegal.com
Email: tscanlan@ilglegal.com
Email: fzeccola@ilglegal.com

Attorneys for Plaintiff Javier Garcia,
and the Plaintiff Class

*(left margin, vertical)* ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Javier Garcia, on behalf of himself, all others similarly situated, and the general public,<br><br>                    Plaintiffs,<br>        vs.<br><br>ABM Industry Groups, LLC, a Delaware Limited Liability Company, Flowers Baking Company of Modesto, LLC, a California Limited Liability Company, DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No. 3:17-cv-04295-WHO<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);<br>2. **FAILURE TO PAY OVERTIME WAGES** (Lab. Code §§ 200-204, 210, 216, 223, 225.5, 500, 510, 558, 1194, 1198**;** IWC Wage Orders);<br>3. **FAILURE TO PAY MINIMUM WAGE** (Lab. Code §§ 223, 1194 *et seq.*);<br>4. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);<br>5. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);<br>6. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);<br>7. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code § 201 *et seq.*); |

-1-

*Garcia v. ABM*
Second Amended Complaint

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

8.  **FAILURE TO PERMIT INSPECTION OF RECORDS** (Lab. Code §§ 226(f), 1198.5);
9.  **UNLAWFUL DEDUCTIONS FROM WAGES AND FAILURE TO INDEMNIFY** (Lab. Code §§ 221, 2802);
10. **FAILURE TO PROVIDE ADEQUATE TIME OFF** (Lab. Code §§ 551, 552, 554, 558);
11. **PRIVATE ATTORNEY GENERAL ACT** (Lab. Code §§ 2698 *et seq.*);
12. **PROMISSORY ESTOPPEL** (*C & K Engineering Contractors v. Amber Steel Co.*);
13. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);
14. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** (*Tameny v. Atlantic Richfield Company*);
15. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
16. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**
17. **NEGLIGENCE;**
18. **FRAUD AND DECEIT** (Civ. Code §§ 1571-1574 and 1709-1710);
19. **BREACH OF CONTRACT** (Civil Code)**;**
20. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
21. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code § 17200 *et seq.*).

**JURY TRIAL DEMANDED**

       This Complaint is brought by Plaintiff Javier Garcia ("Plaintiff" and/or "Mr. Garcia"), on behalf of himself, all others similarly situated, and the general public, against his former employers, ABM Industry Groups, LLC, Flowers Baking Co. of Modesto, LLC and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

<u>**PLAINTIFF**</u>

-2-

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574 Fax: (415) 735-3454

1.    At all times material herein, Plaintiff Garcia was and is a competent adult and resident of the State of California, Sonoma County. Plaintiff began working for Defendants as a route sales driver in August 2016. While working for Defendants, Plaintiff's job duties included but were not limited to: driving and delivering Defendants' bakery products.

**DEFENDANTS**

2.    At all times material herein, Defendant ABM Industry Groups, LLC ("ABM") was and is a Delaware corporation registered to do business in the State of California, including but not limited to conducting business within Sonoma County with its corporate headquarters located in Sugar Land, Texas. Defendant ABM is in the commercial facility services industry. On information and belief, Defendant ABM is a facility management provider in areas including electrical and lighting, mechanical, janitorial services, landscape and grounds, and parking and transportation. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant ABM is authorized to and does conduct business in the State of California in the commercial facility services industry including but not necessarily limited to Sonoma County.

3.    At all times material herein, Defendant Flowers Baking Co. of Modesto, LLC, was and is a California limited liability company registered to do business in the State of California, including but not limited to conducting business within Sonoma county, with its corporate headquarters located in Modesto, California. Defendant Flowers Baking Co. of Modesto is in the baked goods industry. On information and belief, Defendant Flowers Baking Co. of Modesto produces baked breads, buns, and rolls. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant Flowers Baking Co. of Modesto is authorized to and does conduct business in the State of California in the baked goods industry, including but not necessarily limited to Sonoma County.

4.    Plaintiff is informed and believes and thereon alleges that Defendant Flowers Baking Company of Modesto, LLC ( "Flowers") while contracting with Defendant ABM, retained sufficient control of the wages, hours, and conditions of employment of Plaintiff and Class Members in doing the acts hereinafter alleged, and that each corporation is liable under California and federal law for the damages sustained by Plaintiff and Class Members.

5.      Plaintiff is informed and believes and thereon alleges that Defendants were his employers under California law, that all Defendants herein did acts consistent with the existence of an employer-employee relationship with Plaintiff and Class Members. Moreover, Defendants, Plaintiff and Class Members were controlled, directly or indirectly, by Flowers.

6.      Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendants conducted business within the baked goods and facilities management industries. In so doing, there are hundreds, if not thousands, of individuals in recent years alone who qualify to participate as a Class Member in this action.

7.      The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff and Class Members which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

8.      Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

## JURISDICTION AND VENUE

9.      This Court is the proper Court, and this action is properly filed in the Superior Court of the State of California for the County of Sonoma, because Defendants ABM and Flowers

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

transact business within this county at 235 Sutton Pl, Santa Rosa, CA 95407. Plaintiff and Class Members performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the County of Sonoma.

10.    This Court has jurisdiction over the Plaintiff's and Class Members' claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs pursuant to, *inter alia.*, California Business and Professions Code §§ 17200-17208, and the statutes cited herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    Pursuant to California Labor Code section 2699.5, Plaintiff has exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's cause of action brought pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code sections 2699 *et seq.* Plaintiff has complied with the procedures for bringing suit specified in California Labor Code section 2699.3. Plaintiff has given written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations. More than 65 days have passed, and no response has been received from the LWDA. Accordingly, Plaintiff has satisfied all prerequisites to pursing PAGA claims.

12.    Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

13.    The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTS REGARDING PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

14.    Plaintiff Mr. Garcia is a 50-year-old male. Mr. Garcia began his employment with Defendants in July 2016. At all times during his employment with Defendants, Mr. Garcia was performing his job duties satisfactorily and received positive performance reviews.

**15.**    Mr. Garcia reported for work each day at 235 Sutton Pl, Santa Rosa, CA 95407, which he believed to be a Flowers warehouse.

16.    Like all of Defendants' employees, Mr. Garcia was required to track when he arrived and left work by "punching in" via an application on his phone.

17.    Mr. Garcia worked approximately 13 hours a day and at times worked seven days a week.

18.    At some point during his employment, Mr. Garcia realized his paychecks seemed short. He asked Nanette Lund, the Flowers warehouse manager, why he was not being paid for all his hours worked. Ms. Lund told Mr. Garcia that money was being taken out for "taxes."

19.    Sometime in August 2016, Mr. Garcia specifically remembered punching in to work at 5:20 a.m. and punching out after midnight. When he received his paycheck, he again asked Ms. Lund why his paycheck was lower than expected. Ms. Lund told him that "payroll" was on vacation.

20.    Mr. Garcia continued to notice discrepancies on his paycheck between the hours he worked and the pay he was receiving. Specifically, he was not getting paid for all the hours he was working. He asked Ms. Lund if she was changing his punches and she replied that only payroll could make changed and enter time on his punches.

21.    One day Ms. Lund reprimanded Mr. Garcia for forgetting to punch out and told him that she had filled in his exit time for him. When he asked how she was able to do that since she had previously indicated that only payroll could enter time, Ms. Lund told him it "doesn't matter."

22.    Mr. Garcia asked Ms. Lund for the number to the payroll department so he could ask about his time card and pay. Ms. Lund told him that they "didn't have payroll" because "she quit."

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

23.     Mr. Garcia started working seven days a week. Again, he noticed that he was not being paid for all his hours worked. He asked Ms. Lund why he was not being paid for working seven days a week. She dismissed his concerns again.

24.     Finally, Ms. Lund provided Mr. Garcia with a number to the payroll department. Mr. Garcia called and spoke to a representative. He asked the representative for a copy of his time card and the representative told him that they could not go back two weeks on the time card and that she would get back to him. The representative never called Mr. Garcia back.

25.     At that point, Mr. Garcia went back to Ms. Lund to find someone that could help him because the payroll representative that he had spoken with never called him back. Ms. Lund provided him with the number of Larissa Wegener, who Mr. Garcia believed to be a supervisor or the new payroll person.

26.     Mr. Garcia asked Ms. Wegener for a copy of his time card. She provided him with time cards that included many yellow boxes. Ms. Wegener told him that the yellow boxes indicated that he had forgotten to punch out and that his manager had needed to fill out the times for him. The document included over 30 of these "mis-punches."

27.     Mr. Garcia told Ms. Wegener that he had not mis-punched over 30 times. In fact, the one time he had forgotten to punch out, he was reprimanded.

28.     Sometime shortly after Mr. Garcia told Ms. Wegener that he had not mis-punched over 30 times, Mr. Garcia was suspended from his job.

29.     After Mr. Garcia was suspended, Ms. Lund asked him to come to the warehouse one day at 1:30 p.m. Because this was not his usual work start time, Mr. Garcia called Ms. Wegener to get some clarity on the issue. Ms. Wegener told him that he did not have to go to the warehouse at 1:30 p.m. Mr. Garcia tried to follow-up with Ms. Lund but she never called him back.

30.     After not hearing back from Ms. Lund, Mr. Garcia called his district manager Freddie Francis to ask when he should go back to work. Mr. Francis told Mr. Garcia that Mr. Garcia had "quit" and that he needed to speak with Ms. Wegener about returning to work.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

31.     Mr. Garcia called and emailed Ms. Wegener, but she did not respond to his correspondence. Several days later she sent him a notice stating that he had resigned.

32.     Mr. Garcia knew that he had not voluntarily quit his job. When Mr. Garcia called Ms. Wegener to follow-up, she told him that he had quit and that because he quit, he was ineligible for unemployment benefits.

33.     Mr. Garcia asked Ms. Wegener if he could speak to a supervisor. She told him that her supervisor "Yolanda" was investigating the issue and would get back to him. Mr. Garcia did not hear from "Yolanda."

34.     Mr. Garcia continued to try to get clarity from Defendants for over three months regarding the status of his job. During this time, Mr. Garcia just wanted his job and was hopeful that the issue would be resolved since Defendants continued to tell him that they would follow-up and that the matter was being investigated. Defendants passed him around to many different departments and people who promised to call him back and follow-up but never did.

## FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION

35.     All policies and practices described herein were in place at all of Defendants' business locations in California. As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, these common practices have led to willful violations of California and federal law, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

36.     Plaintiff and Class Members were not paid for overtime hours despite routinely and consistently working more than 8 hours per day and 40 hours per week.

37.     Instead, Plaintiff and Class Members were paid the same "salary" regardless of the number of hours actually worked. Defendants' policy and practice of not maintaining time records for its employees violates California law on its face. Defendants' failure to record hours also resulted in substantial off-the-work, including overtime hours, since employees were required to work shifts in excess of 8 hours per day and sometimes in excess of 12 hours per day. Defendants'

failure to pay for all hours worked, including overtime hours, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to pay for all hours worked, including overtime hours, resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code § 226 and/or 1174(d).

38.    Plaintiff and Class Members were not consistently authorized or permitted to take meal and rest breaks as required by California law. Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours. Pursuant to California law, an employee is entitled to one thirty-minute meal period if required to work at least five hours and two thirty-minute meal periods if required to work at least ten hours. Defendants did not consistently provide the meal and rest periods to which Plaintiff and Class Members were entitled because business needs took precedence, routinely interfering with his/her/their breaks. If Plaintiff or Class Members failed to address business needs at any time, including during breaks, they were subject to discipline, up to and including termination. Despite these policies and practices, Plaintiff alleges on information and belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class Members. Defendants failed to provide meal and rest periods and failed to make premium payments to Plaintiff and Class Members for missed meal and rest breaks. Defendants' failure to record all breaks and failure to pay applicable premiums, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to record all breaks and failure to pay applicable premiums resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code § 226 and/or 1174(d).

39.    Plaintiff and Class members were required to work seven days consecutively without receiving a day off.

40.    Even after Plaintiff or Class Members were terminated or voluntarily resigned, Defendants refused to pay owed wages despite California Labor Code §§ 201-204, inclusive. More than 30 days has passed since certain individuals left Defendants' employ, entitling those individuals to the maximum penalties.

-9-

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

41.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including monetary losses and other damages in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover penalties and damages for the claims described herein in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

42.    Plaintiff brings this action on behalf of himself and as a class action on behalf of the following Hourly Employee Class and Terminated Subclass:

> All persons who worked for Defendants ABM and Flowers in the State of California as a route sales driver or other similar job titles at any time on or after the date that is four years prior to when the Complaint was filed.

> Terminated Subclass: All persons who are eligible for membership in the Class but who are no longer employed by Defendant.

Class Members can be identified through Defendants' records including employee timekeeping and payroll records.

43.    Defendants and their officers and directors are excluded from any class defined in the preceding paragraphs.

44.    This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b.    Commonality: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law

*Garcia v. ABM*
Second Amended Complaint

which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)   Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2)   Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 *et seq.* by failing to pay overtime wages due to Plaintiff and Class Members;

3)   Whether Defendants violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

4)   Whether Defendants violated, and continues to violate California Labor Code §§ 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

5)   Whether Defendants violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

6)   Whether Defendants violated and/or continues to violate California Labor Code § 1194 by failing to pay minimum wage;

c.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.   <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.   <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

## FIRST CAUSE OF ACTION
## FAILURE TO COMPENSATE FOR ALL HOURS WORKED

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

45.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

46.     Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code Sections 200-204, 225.5, 500, 510, 558 1197, 1198.

47.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

48.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

49.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

50.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

51.     Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

52.     As alleged throughout this Complaint, Defendants failed to track their hours worked or pay them for all hours worked, including overtime hours worked.

-12-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

53.    Defendants refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

54.    At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code Sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of his/her/their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

55.    Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:  (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

56.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
(Lab. Code §§ 200-204, 210, 216, 223, 225.5, 500, 510, 558, 1194, 1198; IWC Wage Orders)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

57.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-13-

58.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

59.    Labor Code section 510 defines a day's work s 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay. Pursuant to Labor Code section 1194(a), a plaintiff may bring a civil action for overtime wages to recover wages, interest, penalties, attorney's fees and costs.

60.    Plaintiff and Class Members are not exempt from receiving overtime compensation. At all times relevant hereto, Defendants treated Plaintiff and other similarly situated persons as exempt from the right to be paid overtime hours.

61.    Defendants required Plaintiff and Class Members to work in excess of 8 hours per day, and/or in excess of 40 hours per week. Defendants misclassified Plaintiff and Class Members as exempt from California's overtime laws. Defendants did so despite the fact that Plaintiff and Class Members did not meet the exemption criteria because, among other things, Plaintiff and Class Members, were not employees exempt from the right to overtime because, *inter alia*, they were not primarily engaged in the management of the enterprise in which they are/were employed or of a customarily recognized department or subdivision thereof, were not customarily and regularly directing the work of at least two other full-time employees or the equivalent, did not have authority to hire other employees, did not have the authority to fire other employees, did not customarily and regularly exercise discretion and independent judgment, and spent less than fifty percent of their time engaged in managerial work. Furthermore, Plaintiff and Class Members were not independent contractors because, *inter alia*, they did not have the freedom to choose how to perform tasks, Defendants had authority to control how tasks were performed, and Defendants were not engaged in a distinct business from Defendants and, instead, performed the very tasks that are the core of Defendants' business.

62.    Plaintiff and Class Members are and were expected to work in excess of 8 hours in a day and/or 40 hours in a week.

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

63.     As a uniform practice, Defendants failed to keep the records of hours worked by its employees as required by California's wage orders. However, records of the rates of pay for Plaintiff and Class Members are in the possession or within Defendants' custody and control.

64.     Plaintiff and Class Members were routinely forced to work more than 8 hours in a day or 40 hours in a week, resulting in many hours that were unpaid or were not paid at the appropriate overtime rates of pay.

65.     Plaintiff and Class Members were entitled to receive one-and-one half times the hourly wage for each hour worked past 8 hours in one day, one-and-one half times the hourly wage for each hour worked past 40 hours in one week, and twice the hourly wage for each hour worked past 12 hours in one day and for all hours over 8 during his/her/their seventh consecutive day of work in one week.

66.     Defendants violated Labor Code sections §§ 510, 1194, and 1198 and IWC Wage Orders when they failed to pay Plaintiff and Class Members overtime wages for work performed in excess of 8 hours per day and/or for work performed in excess of 40 hours per week, within the time frame set forth under the law. As a consequence for violating Labor Code §510, 1194, 1198, and IWC Wage Orders, Defendants are subject to all applicable penalties including but not limited to those specified pursuant to Labor Code §§ 225.5 and 558. The exact amount of the applicable penalties will be proven at trial.

67.     In many instances, Plaintiff and Class Members were entitled to twice his/her/their regular rate of pay for the work performed, as Plaintiff and Class Members were often (1) working shifts that lasted more than 12 hours in length or (2) working shifts for Defendants of 8 hours or more on a seventh consecutive day of work.

68.     At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code §§ 200 *et seq.*, 510, 1194 and 1198. Defendants violated Labor Code §204 when they failed to pay Plaintiff and Class Members minimum wage and failed to pay all wages earned for labor in excess of the normal work period no later than the pay day for the next regular payroll period. As a consequence for violating Labor Code §204, Defendants are subject

-15-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

to all applicable penalties including those specified pursuant to Labor Code §210. The exact amount of the applicable penalties will be proven at trial.

69.    Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

70.    Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:  (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

71.    During the last four years, and at all times relevant to this Complaint, Defendants intentionally refused to pay overtime wages to Plaintiff and Class Members in order to receive an economic benefit in violation of Labor Code §216. As a consequence for violating Labor Code §216, Defendants are subject to all applicable civil penalties including those specified pursuant to Labor Code §225.5. The exact amount of the applicable penalties will be proven at trial.

72.    At all times relevant to this Complaint, Defendants were and are the employers of Plaintiff and Class Members within the meaning of Labor Code §558 and violated or caused to be violated a provision or provisions of Part 2, Chapter 1, of the Labor Code regulating hours and days of work and, as such, are liable to each Class Member for each such violation as set forth in Labor Code §558, in addition to an amount sufficient to recover underpaid wages. The exact amount of the applicable penalties will be proven at trial.

73.    Plaintiff and Class Members are entitled to interest on all due and unpaid wages pursuant to Labor Code §218.6.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

74.    Pursuant to Labor Code §1194, Plaintiff and Class Members seek to recover in a civil action the unpaid balance of the full amount of the unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
(Lab. Code §§ 223, 1194 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

75.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

76.    At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code § 1194 *et seq.*

77.    California Labor Code § 1194(a) in relevant part provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

78.    Moreover, California Labor Code § 1197 provides:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

79.    Finally, California Labor Code § 1194.2(a) provides:

In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.    Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

81.    During the Class Period, Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

82.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(Lab. Code § 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

83.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84.    Plaintiff and Class Members were employed by Defendants within the State of California.

85.    At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226.7 and 512.

86.    California Labor Code § 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> ….
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

87.    Moreover, California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

-18-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574 Fax: (415) 735-3454

and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

88.    By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendants violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

89.    Section 11 of the applicable Wage Order provides:

a.    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

90.    Moreover, Section 12 of the applicable Wage Order provides:

a.    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

91.    By failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and §§ 11 and 12 of the applicable IWC Wage Order.

92.    Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these

-19-

employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any Class Member.

93.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

94.    Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

95.    Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

96.    Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

97.    Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

98.    Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Class

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

99.    Defendants routinely failed to authorize and permit all entitled meal and rest periods by requiring Plaintiff and Class Members to attend to business instead of authorizing and permitting Plaintiff and Class Members to take these meal and rest periods.

100.    Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

101.    Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

102.    Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

103.    Plaintiff and Class Members have been deprived of his/her/their rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

104.    Plaintiff and Class Members have been deprived of his/her/their rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

### FIFTH CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
(Lab. Code §§ 1174, 1174.5)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

105.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

106.    California Labor Code § 1174(d) provides:

-21-

1

2

3

> Every person employing labor in this state shall … [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

4

5

6

107.    Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members.  Defendants did not employ policies, procedures, and practices to track Plaintiff's and Class Members' hours.

7

8

9

10

108.    Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

11

12

109.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

13

14

15

16

110.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

17

18

19

### SIXTH CAUSE OF ACTION
### FAILURE TO FURNISH WAGE AND HOUR STATEMENTS
(Lab. Code §§ 226©, 226.3)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

20

21

111.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

22

112.    California Labor Code § 226(a) provides:

23

24

25

26

27

28

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his/her/their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574 Fax: (415) 735-3454

-22-

and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his/her/their social security number, except that by January 1, 2008, only the last four digits of his/her/their social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

113.    California Labor Code § 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

114.    California Labor Code § 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
(iv) The name of the employee and only the last four digits of his/her/their social security number or an employee identification number other than a social security number.

-23-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

115.    California Labor Code § 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

116.    Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate. Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours worked.

117.    Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

118.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

119.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY FINAL WAGES ON TIME**
(Lab. Code §§ 201-204)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

-24-

120.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

121.    California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

122.    At all relevant times herein, Defendants failed to implement a policy and practice to pay Class Members, including Plaintiff, accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

123.    Defendant willfully failed to pay all final wages on time.

124.    Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code § 201 requires that employers provide immediate payment of all final wages at the time of termination.

125.    Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those who elected to receive tender in person were present at the workplace to collect payment. Accordingly, California Labor Code § 202 has been satisfied.

126.    Class Members are not exempt from these requirements of the Employment Laws and Regulations.

127.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code § 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

-25-

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.

555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PERMIT INSPECTION OF RECORDS**
(Lab. Code §§ 226(f), 1198.5)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

128.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

129.    California Labor Code section 1198.5 provides that every employer shall, upon the request of an employee, permit that employee to inspect such personnel file which are used or have been used to determine that employee's qualifications for employment, promotion, additional compensation, termination or other disciplinary action.

130.    California Labor Code section 226(f) requires employers to permit inspection of wage statement records within twenty-one days of an oral or written request. *Id.* ("An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply").

131.    Defendants failed to permit Plaintiff and Class Members to inspect personnel file and wage statement records.

132.    Plaintiff and Class Members were injured by Defendants' failure to provide personnel files and wage statements, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

133.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

134.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226 including but not limited to a $750 penalty per employee (*see* Lab. Code § 226(f)), and pursuant to California Labor Code section 1198.5 including but not limited to a $750 penalty per employee (*see* Lab. Code § 1198.5(k)), and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

## NINTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM WAGES
### AND FAILURE TO INDEMNIFY
(Lab. Code § 221and 2802)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

135.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

136.    Labor Code § 221 makes it unlawful for an employer to "collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

137.    By deducting hours from Plaintiff's and Class Members' time cards and failing to pay them for all hours worked, Defendants forced Plaintiff and Class Members to contribute to the capital and expenses of Defendants' business which is legally a cash bond, and which must be refunded by Defendants to Plaintiff and each Class Member.

138.    California Labor Code § 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

139.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

140.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## TENTH CAUSE OF ACTION
### FAILURE TO PROVIDE ADEQUATE TIME OFF
(Lab. Codes § 551, 552, 554, 558)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

141.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-27-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

142.    California law provides that every employee is entitled to one day's rest in seven and prohibits employers from requiring employees to work more than six days in seven.

143.    Furthermore, an overtime rate must be paid for hours voluntarily worked on the seventh day in seven. Plaintiff was required to work a seven day week on more than one occasion.

144.    Defendants did not pay overtime compensation when Plaintiff worked these seven-day weeks. Accordingly, Defendants violated Labor Code §§ 551 552, 554, 558.

145.    Plaintiff is entitled to compensation in the form of overtime not paid.  Defendants are required to pay a civil penalty for each pay period Plaintiff experienced this violation, in addition to attorneys' fees and costs.

146.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

**ELEVENTH CAUSE OF ACTION**
**LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
(Lab. Code §§ 2698 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

147.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

148.    Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency of the specific provisions of this code alleged to have been violated as required by Labor Code section 2699.3. More than thirty-three days have passed with no response. As a result, Plaintiff may now commence a civil action pursuant to Labor Code section 2699.

149.    The policies, acts and practices heretofore described violate the applicable Labor Code sections listed in Labor Code section 2699.5 and thereby give rise to statutory penalties as a result of such conduct. Plaintiff and Class Members, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and all other aggrieved employees against whom one or more of the aforementioned violations of the Labor Code was committed and other applicable provisions of

the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### TWELFTH CAUSE OF ACTION
### PROMISSORY ESTOPPEL
(*C & K Engineering Contractors v. Amber Steel Co.*)
(*On behalf of Plaintiff as an individual against all Defendants*)

150.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

151.    Defendants are liable for damages based on the doctrine of Promissory Estoppel. The elements of the doctrine of Promissory Estoppel, as described concisely in section 90 of the Restatement of Contracts, are as follows: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." The foregoing rule has been judicially adopted in California. *C & K Engineering Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 6 (1978).

152.    The doctrine of promissory estoppel states that an injured party can recover damages if those damages were the result of a promise made by a promisor and the promise was significant enough to move the promisee to act on it. There are specific elements that must be present: (1) promisor made a promise significant enough to cause the promisee to act on it, (2) promisee relied upon the promise, (3) promisee suffered a significant detriment, and (4) relief can only come in the form of the promisor fulfilling the promise of paying for the damages caused.

153.    First, Defendants made an incredibly significant promise to Mr. Garcia. After he was suspended and inquiring about his return to work, Defendants promised Mr. Garcia that they were looking into the issue and would follow-up with him. This promise caused Mr. Garcia to act in reliance on said promise. Mr. Garcia expended significant time and effort trying to get an answer from Defendants.

154.    Second, Mr. Garcia's decision-making process depended on Defendants' promise. He continued to have hope that the situation would be resolved and he could return to work. His

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

time and effort spent chasing Defendants for an answer was at the expense of finding subsequent employment.

155.    Third, Mr. Garcia suffered a significant detriment due to Defendants' promise not being fulfilled. Mr. Garcia spent time and resources trying to clarify his employment situation with Defendants. He forfeited opportunities for other employment because Defendants told him that they would resolve the issue.

156.    Finally, relief can only come in the form of Defendants fulfilling their promise by satisfying the originally agreed-upon terms

157.    For the reasons set forth above and in satisfaction of the elements of the doctrine of promissory estoppel, Defendants must perform on the promises.

158.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

159.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## THIRTEENTH CAUSE OF ACTION
### UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY
(Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

160.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

161.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167.

162.    Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code §§ 98.6, 230 [due to service as a jury member, witness, or for relief from domestic violence], 232 [due to disclosure of amount of wages], 232.5 [due to disclosure of working conditions] and other sections of the Labor Code. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

163.    California Labor Code § 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of Section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint to Court, or because the employee has initiated any action, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code §98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Labor Code § 98.6(b)(1).

164.    "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Labor Code § 98.6(b)(3).

165.    California Labor Code § 232 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing the amount of his or her wages. (b) Require an employee to sign a waiver or other document that purports to

-31-

ILG Legal Office, P.C.

555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

deny the employee the right to disclose the amount of his or her wages. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses the amount of his or her wages."

166.    California Labor Code §232.5 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions. (d) This section is not intended to permit an employee to disclose proprietary information, trade secret information, or information that is otherwise subject to a legal privilege without the consent of his or her employer."

167.    California Labor Code § 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information…to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Under California law, discharge of an employee perceived to have reported an alleged violation of a statute or regulation violates public policy, even if the employee did not actually make the report. Perceived whistleblowers are also protected from retaliatory discharge as are employees who report suspected violations to other employees. *Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913 (2014).

168.    Section 1102.5(f) provides that "in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation" of Labor Code §1102.5.

169.    California Labor Code § 1102.6 provides, "In a civil action or administrative proceeding brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance

of the evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5."

170.    California Labor Code § 1102.8 provides, "An employer shall prominently display in lettering larger than size 14 point type a list of employees' rights and responsibilities under the whistleblower laws, including the telephone number of the whistleblower hotline described in Section 1102.7."

171.    California Labor Code § 1104 provides, "In all prosecutions under this chapter [i.e. Labor Code §§ 1100-1106], the employer is responsible for the acts of his managers, officers, agents, and employees."

172.    Defendants suspended Plaintiff's employment and subsequently told him he "quit" and/or terminated his employment in violation of public policy. Defendants retaliated against Plaintiff because Plaintiff has a protected characteristic and/or engaged in protected activity

173.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's opposition to and/or reporting of the actual and/or perceived violations described herein.

174.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

175.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

176.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings,

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

177.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## FOURTEENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(*Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

178.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

179.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167.

180.    Defendants terminated Plaintiff's employment based upon Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

181.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

182.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

183.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

184.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings,

-34-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

185.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## FIFTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Civ. Code)
(*On behalf of Plaintiff as an individual against all Defendants*)

186.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

187.    The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

188.    As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

189.    Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

190.    Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

-35-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

191.   Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

192.   As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his/her/their reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

193.   Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

194.   Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## SIXTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Civ. Code)
(*On behalf of Plaintiff as an individual against all Defendants*)

195.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

196.   In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent. Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

197.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

198.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his/her/their reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

199.    Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

200.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## SEVENTEENTH CAUSE OF ACTION
### NEGLIGENCE
(Civ. Code)
(*On behalf of Plaintiff as an individual against all Defendants*)

201.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

202.    To prove a claim for negligence, a Plaintiff must show that: (1) the Defendant acted negligently with respect to a duty imposed on the Defendant by law; (2) the Plaintiff suffered damages; and (3) the negligence caused the damages. *See* CACI Jury Instruction No. 400. Damages for negligence include all reasonably foreseeable damages caused by the negligence and any expenses incurred to remedy the conditions comprising the negligence. Damages can also include compensation for emotional distress.

-37-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

203.     As a proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered, and continue to suffer, losses in earning and other employment benefits, to his/her/their respective damage in an amount to be established at trial. As a further proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits that were promised pursuant to the employment contract.

204.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his/her/their reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

### EIGHTEENTH CAUSE OF ACTION
### FRAUD AND DECEIT
(Civ. Code §§ 1571-1574 and 1709-1710)
(*On behalf of Plaintiff as an individual against all Defendants*)

205.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

206.     California Civil Code § 1571 provides that fraud may be actual or constructive.

207.     California Civil Code § 1572 provides: "Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of

-38-

ILG Legal Office, P.C.
555 California Street, Suite #925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

performing it; or, 5. Any other act fitted to deceive." California Civil Code § 1574 adds that actual fraud is always a question of fact.

208.    California Civil Code § 1573 provides: "Constructive fraud consists: 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

209.    California Civil Code §§ 1709 and 1710 define deceit.

210.    California Civil Code § 1709 provides: "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

211.    California Civil Code § 1710 provides: "A deceit, within the meaning of the last section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing it."

212.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

213.    Defendants represented to Mr. Garcia that he worked approximately three hours less a day than he actually did.

214.    Defendants made these representations so that they did not have to pay Mr. Garcia his full wages.

215.    Defendants represented to Mr. Garcia that he had mis-punched his time card.

216.    Defendants made these representations so that they did not have to pay Mr. Garcia his full wages.

-39-

217.    Defendants altered Mr. Garcia's timecard so that they could pay him less than what he had earned.

218.    Defendants represented to Mr. Garcia that they did not keep time records over two weeks old.

219.    Defendants made these representations so that they would not have to provide him with his time card.

220.    Defendants represented to Mr. Garcia that he had "quit" his job and he would be unable to apply for unemployment.

221.    Defendants made these representations so that they would not be contacted about unemployment benefits.

222.    Defendants represented to Mr. Garcia that they would answer his questions and resolve the issue of his employment.

223.    Defendants made these representations so that they could string Mr. Garcia along for months and induce him to wait for their response.

224.    Defendants knew that the above representations were false and never intended to honor their promises to resolve Mr. Garcia's questions and employment issue. Instead, Defendants knowingly misled Plaintiff in order to induce Plaintiff to, among other things, not question the fact that his paycheck was lower than expected, not file for unemployment, and forego other employment opportunities based on the assumption that he would get his job back. As a result, Plaintiff trusted Defendants to resolve his employment issue, cutting off other opportunities.

225.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including monetary losses and the loss of alternative opportunities which were foregone in order to contract with Defendants. Plaintiff has also suffered harm to his/her reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

226.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

227.    Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

## NINETEENTH CAUSE OF ACTION
### BREACH OF CONTRACT
(*On behalf of Plaintiff as an individual against all Defendants*)

228.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

229.    To recover damages from for breach of contract, a plaintiff must prove all of the following: 1. That the parties formed a contract; 2. That plaintiff did all, or substantially all, of the significant things that the contract required him to do or was otherwise excused; 3. That all conditions required by the contract for the defendant's performance occurred or were excused; and 4. That defendant did something or failed to do something that violates the contract. *See* CACI No. 303.

230.    Plaintiff and Defendants entered into a contract upon hire and throughout the term of Plaintiff's employment. The contract was in writing and oral and implied-in-fact and provided that Plaintiff's employment would be secure for as long as his/her/their respective performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits. Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by him until prevented by Defendants from further performance. Plaintiff had, at all

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

times, been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

231.  On or about October 15, 2016, Defendants breached the employment agreement by discharging Plaintiff without good cause and despite his/her/their continued satisfactory performance.

232.  Plaintiff suffered damages legally caused by the breach of contract as described in this Complaint, all paragraphs of which are incorporated here to the extent pertinent as if set forth here in full.

233.  Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

234.  As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, monetary losses, missed opportunities, harm to his/her/their reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

## TWENTIETH CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
*(On behalf of Plaintiff as an individual against all Defendants)*

235.  Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

236.  The agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the agreement that they agreed to perform, or any act that would deprive Plaintiff of the benefits of the agreement.

237.  Plaintiff worked for Defendants for months and reasonably relied on the provisions of the personnel manual regarding the causes for which employees could be written up or discharged and the procedures set forth for such corrective action including terminations for the

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574 Fax: (415) 735-3454

expectation that Defendants would apply its policies even-handedly to afford Plaintiff the protections of those procedures if Defendants believed there was cause to take corrective action against Plaintiff, including termination. Nonetheless, Defendants failed to follow the agreed-upon terms of the bargain and, instead, Defendants summarily terminated Plaintiff's employment. Defendants breached the implied covenant of good faith and fair dealing under the contract by discharging Plaintiff intentionally, without just or probable cause, in bad faith and for reasons extraneous to the contract. Such motives were retaliatory in nature and extraneous to the employment relationship and were intended to deprive Plaintiff of the benefits thereof. Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies and past practices before discharge.

238.    Plaintiff performed all the duties and conditions of the contract.

239.    Defendants knew that Plaintiff had fulfilled all of his/her/their duties and conditions under the contract.

240.    Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow the terms of the contract.

241.    As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer, monetary losses and other damage in an amount to be established at trial. As a further proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to them under the employment contract

242.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

243.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his/her reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and

related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

## TWENTY-FIRST CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

244.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

245.    Plaintiff brings this cause of action individually and on behalf of all others similarly situated.

246.    Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business & Professions Code Section 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

247.    In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

248.    Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

249.    Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

250.    Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

251.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's and Class Members' expense.

-44-

*Garcia v. ABM*
Second Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

252.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

253.    Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's and Class Members' damages as herein alleged.

254.    Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

255.    Plaintiffs and Class Members seek restitution, declaratory and injunctive relief, and other relief allowable under Section 17200, *et seq.*

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1.    Certification of this action as a class action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and his/her/their counsel as counsel for the classes;

2.    For penalties pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

*Garcia v. ABM*
Second Amended Complaint

3.     For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

4.     For compensatory damages;

5.     Compensation for all hours worked but not paid;

6.     For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7.     For special damages according to proof;

8.     For punitive damages where allowed by law;

9.     For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10.    For injunctive relief;

11.    For pre-judgment and post-judgment interest as provided by law; and

12.    For such other and further relief as this Court deems just and proper.


Respectfully submitted,

May 10th, 2018                          **ILG Legal Office, P.C.**

_____

Tracy T. Scanlan

Attorney for Plaintiffs

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, 2nd Floor, San Bruno, CA 94066
505 14th Street, Suite 900, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

-46-

*Garcia v. ABM*
Second Amended Complaint